IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAMIKA WORLEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-20-2921 |
| SHOPPERS FOOD WAREHOUSE, CORP., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on Defendant Shoppers Food Warehouse, Corp.'s ("Shoppers") Motion for Summary Judgment ("Motion").[1] ECF No. 24. Plaintiff Shameka Worley ("Ms. Worley") has not filed a response and time for doing so has passed. Loc. R. 105.2 The matter is ripe for the Court's consideration and no hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.     INTRODUCTION**

    **A.     Factual Background**

The following facts are presented and considered by the Court in the light most favorable to the Ms. Worley because she is the non-moving party. On November 21, 2018 at approximately 9:00 p.m., Ms. Worley was shopping at the Shoppers store in Waldorf, Maryland. According to her Complaint, as Ms. Worley was attempting to retrieve an item from a shelf, she slipped and fell "on a pile of sauce" on the floor in the aisle. ECF No. 2 ¶ 5. Ms. Worley sustained injuries.

---

[1] On November 18, 2020, this case was referred to me for all proceedings pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. ECF Nos. 14, 16 & 18.

## B.     Procedural History

Ms. Worley filed her Complaint in the Circuit Court for Charles County, Maryland on July 22, 2020. Shoppers removed the case to this Court on October 9, 2020. ECF No. 1. Subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Since this Court's jurisdiction is based on diversity, the Court applies the substantive law and choice of law rules of the state in which the court sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs this negligence claim. In her Complaint, Ms. Worley alleges that Shoppers was negligent by failing to "to take reasonable measures to ensure that the sauce on the floor was cleaned up" and the "failure to warn [Ms. Worley] of the defects associated with the unsafe condition of the floor." ECF No. 2 ¶ 8.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4). In a case where a motion for summary judgment is unopposed, the Court must nonetheless "thoroughly analyze" the merits of the motion to determine whether summary judgment is appropriate under Rule 56. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013); *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.").

## III.   DISCUSSION

In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006); *see also Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560 (D. Md. 2014). In a claim involving premises liability, the status of the person injured on the property at the time of the incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee.

*See, e.g.*, *Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Ms. Worley was an invitee on the premises. The duty of the proprietor of a store to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

Under Maryland law, "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231-32 (1965). Accordingly, the "duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997). Nevertheless, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). The invitee "has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee." *Rybas*, 21 F. Supp. 3d at 562. "Accordingly, the owner or occupier of land has no duty to warn of an open, obvious and present danger." *Id*. "The burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee."

*Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted). A storeowner may be deemed to have constructive notice of a dangerous condition "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 120 (1955). "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593.

In its Motion, Shoppers argues that it is entitled to summary judgment for two reasons: "(1) the undisputed material facts demonstrate that the condition was open and obvious, and (2) the undisputed facts demonstrate that Plaintiff negligently contributed to the accident." ECF No. 24-1 at 3. As noted above, Ms. Worley has not responded to the Motion.

Shoppers does not dispute that it owed Ms. Worley a duty on the day of the incident. The core of the dispute is whether the "pile of sauce" on the floor was an open and obvious danger to Ms. Worley. The Court concludes from Ms. Worley's own statement that the spilled sauce on the floor was open and obvious. In response to an interrogatory propounded by Shoppers regarding how Shoppers should have known of the existence of the "pile of sauce" on the floor, Ms. Worley stated:

> The Defendant or its agents or employees knew or should have known of the existence of the material that I slipped on **since it was obvious** and because there were employees working in the area that should have seen the material on the floor and cleaned it up.

ECF No. 24-3 at 2 (emphasis added).

Shoppers has attached several photo exhibits to its Motion. One photo shows the sauce on the aisle floor and what appears to be a shattered glass container. ECF No. 24-4. Given Ms. Worley's statement that the pile of the sauce "was obvious," and considering the photo of the shattered glass container and the sauce spilled on the aisle floor, the Court concludes as a matter of law that a reasonable person in Ms. Worley's situation exercising ordinary care would have observed the spilled sauce on the floor and avoided it. A reasonable person exercising ordinary care knows that liquid substances can cause floors to be slippery, and that walking on slippery surfaces can put a person at risk of falling and becoming injured. The "pile of sauce" on the floor was an "open, obvious and present danger." Further, there is no evidence that Shoppers knew of the dangerous condition before Ms. Worley fell. *See Groat v. Wal-Mart Stores, Inc.*, No. WGC-10-235, 2010 WL 5391515, at *10 (D. Md. Dec. 20, 2010) ("Mrs. Groat has not presented any evidence about 'time on the floor' nor is there any statement by a Wal–Mart employee indicating the store was aware of the dangerous condition *before* Mrs. Groat slipped and fell."); *see also Burwell v. Easton Mem'l Hosp.*, 83 Md. App. 684, 690 (1990) ("[*Keene v. Arlan's Department Store*, 35 Md. App. 250 (1977)] is clearly distinguishable from the case before us in that, unlike the cashier in *Keene*, the nurse said nothing to indicate that she had been aware of the salad on the stairs before appellant fell."). Accordingly, because there is no genuine dispute as to any material fact and because Shoppers has shown that it is entitled to judgment as a matter of law, the Motion will be granted.

The Court declines to address Shoppers' argument regarding contributory negligence.

IV.     **CONCLUSION**

For these reasons, Shoppers' Motion for Summary Judgment (ECF No. 24) is **GRANTED**. Summary judgment will be awarded to Shoppers.

An Order implementing this decision and closing the case will be filed separately.

Date:   <u>September 15, 2021</u>                              <u>        /s/                        </u>
                                                                                  Timothy J. Sullivan
                                                                                  United States Magistrate Judge